May it please the court. I would like to reserve 7 minutes for rebuttal time. Your Honor, this appeal arises from the judgment of the District Court in the Eastern District of North Carolina pursuant to a guilty plea containing an appeal waiver to two counts of the United States criminal offense of sexual abuse of a minor and enticement of a minor for conduct occurring on Okinawa, Japan while my client Mr. Moran was a civilian court-martialed ex-marine residing in Japan with his family and in part of the indictment period employed by a private company contracting with the Veterans Administration to provide separation counseling services. The issue I'm going to focus today's argument on is whether the record provided to the court in this matter to support the indictment allegations provides sufficient factual basis to support or dispel the jurisdictional allegations contained in the indictment to which Mr. Moran pled guilty. We raised four issues below. At the conclusion of my remarks today I will ask the court, one, if the court determines that there are sufficient record facts to determine that Mr. Moran was not subject to the authority of 18 U.S.C. 3261 and 3267 as amended by Congress in 2004 to vacate the judgment and remand to the district court for dismissal with prejudice or if the court determines that there is insufficient factual basis on this record to find that the Eastern District was authorized to enter this judgment against Emilio Moran regarding his status pursuant to 18 U.S.C. 3261 and three, if the jurisdictional question is decided in favor of Moran along with the errors raised to also find that on a totality of the circumstances of this case it is unlikely Mr. Moran would have entered into the plea with the appeal waiver and to rule against the government's motion seeking to enforce the waiver and that's found at document entry 45. Your Honor, first I will discuss the employment problem. The statute that we are concerned with. Can you start by helping me understand why our cases in like Carr and White don't just ultimately doom your claim? This isn't a subject matter jurisdictional question but it's a jurisdictional element question and on the jurisdictional element issue we've sort of said repeatedly that that is an issue that's covered by a plea agreement just like any other element of the offense. The jurisdiction of the court is different. This is the jurisdictional element of the offense and like every other element of the offense when you plead guilty you give up the right to challenge the factual basis for it. Well, Your Honor, what you're talking about is a conviction waiver with regard to the guilty plea and with regard to the conviction waiver you look to what the district court actually admonished Mr. Moran in the district court as to his guilty plea. Without a factual basis the government absolutely made allegations in the indictment and then at the district court made allegations with regard to an element of the offense which Carr agrees is an element of the offense that jurisdiction because it is outside the corners of the United States that jurisdictional element is an element of the offense. The government made allegations at the factual basis but did not support those allegations. But he admitted to them. Your client admitted to them. So they made allegations and he said yes, those are true. But there were allegations as to what the government would be able to prove including whether Mr. Moran was employed by the armed services as the statute defines it in 18 U.S.C. 32, 61, and 67. And your client said yes? Yes, sir. And so just like the question of like did he possess drugs, right? The factual basis is on June the 7th he possessed drugs. The client says yes. When we come up on appeal we don't get to like then say oh no, no, no, no, no, now how about appellate court? Well, you look at the surveillance video because in the surveillance video you can see that like that's just not what we do, right? And that's what it seems like to me Carr and White is telling us is that where there's an allegation is made on a jurisdictional element like any other element, right? We don't review whether now on appeal the government can prove it up, right? Your client had the opportunity to make the government prove it up, right? It's called a trial, right? He chose not to do that and that's obviously his authority. But what I'm having trouble with is why are we looking at this question any more than we would look at any other question in the context of whether the government can now, when you didn't raise it below, when your client agreed that it was met, we now like need to go sift through the documents to determine whether the government has already proven up like they would at trial. Well, unfortunately, your honor, in this case the government didn't prove up any of the jurisdictional facts. What they did was they alleged what they might be able to show at a trial but not the jurisdiction facts. How many times have you been at a plea hearing where the government proved all of the facts alleged or every element alleged? No, they posit. They say, listen, if this case went to trial, we would prove that on May the 7th Mr. Smith possessed cocaine and he got that cocaine from John and he'd been getting that cocaine from John. That's not proof. That's the lawyer just standing there saying it. And then the client, the defendant stands there and says, yes, they could prove that because that's true. Right? Yes, that's right. That's exactly what they did here. It is not exactly what they did here. What they did here was the court read the allegations of the jurisdictional allegations into the record at the plea policy and then turn to the government and said, make your factual basis, which is in your honor's suggestion, when the government would have said on February of 2018, Emilio Moran was employed by the United States military because he, but they did not do that. What the government did in this case was not make a factual basis showing at all on the jurisdictional element. It made a factual basis showing only on the sex acts with the 14 year old child that he was accused of for the criminal offenses and to which he pled. So it's different than in a drug deal. If you say, did your client feel these drugs? Yes, because he pled guilty to dealing those drugs. In this case, the jurisdictional element is an additional burden of proof that the government must sustain, at least by making those allegations directly in front of the defendant, in front of the court, because we're looking at the court's state of mind here. And if those allegations as to the jurisdiction have not been made, we do not know what the court thinks the jurisdictional element is satisfied, and we don't know what the defendant is pleading guilty to with regard to that element, and the government never says, so the appellate court cannot review it. So in this matter... The judiciary court lacked jurisdiction, right? Because that part goes away. Your argument is there was not an adequate factual basis provided. Absolutely. Okay. And so why is that outside this? Even if it's true, why doesn't the appellate waiver bar that claim? Okay. On the appellate waiver, what we're asking the court to do is, with regard to the sentencing issue, the appellate waiver does not affect this question, because the parties, by their actions nor conduct, can waive the authority that Congress has allowed the government to prosecute this defendant. The parties cannot change that. The parties can't change an element of the offense either. I mean, the fact is those facts were read in detail to this man, and he pled guilty to them, and the court went in detail about his waiver, saying as to all of those things, you're giving up your right to trial and review of those things. Yes, Your Honor. That's what the court did. But the court did not actually hear how the government came on the jurisdictional element, came within Congress's intent to reach someone in Mr. Romero. Well, the government alleged it in the indictment. It's alleged in the alternative. Well, so are the proposed facts alleged. In other words, the factual basis that the court gets is to satisfy the court that this guy is just not pleading into the air. But the scope of his plea governed all of those elements, and the waiver was told to him to govern all those elements. Not respectfully, not precisely, Your Honor, because when the factual basis is provided in court, it affects the court's state of mind for whether it's going to accept a guilty plea or reject a guilty plea. And in this case, Judge Dever did not have the benefit of any, not just a few, had the allegations in the indictment, but he had the benefit of no facts that alleged that Emilio Moran came within the facts. How would he get those facts? The government, just like the government did at great detail under the... Well, that's a proposal of what it would prove. Those aren't facts either, are they? They're just allegations. Well, Your Honor, I'll answer that question in this way. When the court turned to the government and said, give me the factual basis supporting the indictment, then the government placed in the Rule 11 hearing, on the record, the factual allegations for this plea, the government proceeded to at great length describe the sex conduct with the child, as well as the enticement conduct with the child. When, where, we certainly argue that those facts support us with regard to that he is outside the base with regard to the record. But Judge Bull never heard how Emilio Moran came within the status... Let me ask you a hypothetical. You'll probably answer this the same way, maybe. A man's charged with bank robbery. As you know, bank robbery is only authorized by Congress when the bank is insured by a federal agency. And so the indictment alleges all that and the judge goes into it and he says, I pled guilty to all of that. I robbed that bank. And the allegation is it was a national bank insured and so forth. And then they go and get the factual basis for the conviction. And they describe basically how he went in and robbed the bank, but they did not provide that the bank was nationally insured. That had already been alleged and conceded by the defense. You say that's a defect? I think that's different than what we have in the case today. Because today, I'm a little confused by the 44 seconds here. May I finish my answer? You may. Thank you. Because what we have here today with Mr. Moran is a statute passed by Congress in 2000 authorizing the government to prosecute citizens, U.S. citizens, who are acting as civilians outside the territory of the United States on a host nation who has jurisdiction otherwise over the criminal offenses. Yeah, but Congress linked it up because he's employed by a national agency and all that stuff. Exactly. But that's an element of defense like the bank has to be insured. Congress basically exercised the jurisdiction of its own civilians, employees of its defense department, VA in this case. All right, I'm not sure I understand how that's different from the national bank hypothetical. May I? Please. The difference is that Congress specifically in 2000 passed the Military Extraterritorial Jurisdiction Act in response to a specific issue with regard to civilian contractors employed by at that time simply the DOD, people acting on behalf of the Department of Defense. Congress amended the statute in 2004 in specific response to the Abu Ghraib atrocities in Iraq with federal agency subcontractor employees acting as... Let me ask you this. If you're right, we assume you're correct on this. What is that? What are you arguing now? That leaves us with the opportunity to decide whether he met Congress' hook. That's correct. And what are we going to base those facts on? Those facts are going to be based on... The allegations in the indictment, right? Well, the allegations in the indictment, and I think the government has a very well-placed point when it says the court can look to the entire record. When you do look to the entire record, which Judge... Why wouldn't the record also include your client's admission? It's like a guilty plea is like a confession, right? And so he has confessed in open court under oath, right? Like no questions about improper interrogation, right? We got it on the record. He confesses to it. You have to look at what the court admonished him of and what he actually confessed to. Committing the crime. He confessed to the sex acts, the sex with a minor. Actually, the court spent a lot of time reading the introductory stuff and went to him, and then when it came to each count, said, I'm incorporating what I've already read to you. But the court read all the introductions as to his role as a civilian working for this agency and so forth. And the problem with that, Your Honor, is that those allegations in the indictment did not provide facts for the factual basis, and the government at no point during this case in the entire record actually alleged whether Mr. Moran was still a military employee, although in the record it is revealed that he... Well, the fact is his confession. The question is whether the court alleged it, and I think the court read the whole thing, including his employer, his circumstances, where he is in Okinawa, and all this stuff. It was alleged, wasn't it? The court alleged that Mr. Moran was an employee pursuant to the statute, but it also alleged that he committed the sex acts and the enticement of the minor, as well as all the other five counts in the indictment. But when the court turns to the government for the factual basis... Well, I understand that argument, but I thought we were beyond that. You were saying if you look at the whole record, what do we look at? And we have these allegations that he worked for the VA Transition Assistance Program at the airbase in Okinawa, the federal agency, and all. It goes down the whole list of his relationship and his job. And so he admitted to all those facts. And that's why we asked for, in our brief, a de novo review on the first issue that I raised, because if the court engages in an interpretation... No, let's accept these facts. What would your argument be? You say these facts are inadequate? They were allegations, and we have... Let's accept them as facts, the alleged facts. No, they were not accepted as facts. They were allegations... I understand, but I'm saying assume they are facts. Are they sufficient? They are not sufficient and not true. But either way, we don't have a full record. If the court... I'll say it this way, respectfully. It is error, Rule 11 error, for the court not to receive a sufficient factual basis on the jurisdictional element, which is an element of the offense under this statute. So what is the relief you want? What is the relief you want? If the court finds that there is sufficient... No, we find everything you're alleging. What relief do you want? We would ask if the court finds that Emilio Moran was not employed and not within the statute that the case get remanded for an instruction to dismiss with prejudice. If the court finds that there is insufficient factual basis... So your suggestion is that basically the allegations of the indictment, if proved to be true, are insufficient to satisfy Congress's book. Only on the jurisdictional element with regard to the status of Emilio Moran when he acted as a civilian outside the United States or a contractor for whom he did not work in support of a mission of the DOD, which is something I think the government is going to talk to you about. Well, it says... I think the language is related to the militia. Related to... Which is a pretty broad term, that related. That's exactly right. And the Supreme Court has not decided what that language means. And in the U.S. v. Slatton case, I believe the government... Well, I want to just get to the bottom line. You're basically saying then the indictment, even if proved true, every element of the indictment is proved true, that the government has not stated sufficient offense and we should remand it for dismissal. No, sir. What I'm saying is there is an insufficient record supporting the jurisdiction... I understand, but I'd like to get you to talk about whether the indictment alleged sufficient facts. No, the indictment did not... Okay, that's what I thought your position was. Yes, sir. And which allegation was insufficient? On the element of whether Mr. Moran under 3267-1A32 and B and C, 3267-1B and 3267-C, whether he was employed by a federal contractor or a sub-tier in relation to a mission of the DOD that we would contend that he was not, whether he was a dependent, a member of the DOD, and that wasn't federal agency, that was a member of the DOD or a subcontractor, or ordinarily resident in the country, and he was, in fact, ordinarily resident in the country as of 2012 with his family. So because he wasn't confronted with those facts in court, his plea was invalid, and because the court did not hear those facts that supported the allegations in the indictment, the court's state of mind is called into question. Judge Dever never said, which is it? Or how do you know that? Is he an employee of the military? How so? And how does that support the mission of the DOD? Or, okay, is he a dependent of a... And so the defendant stands up, and I said, I agree to those allegations. You don't need to demonstrate that. And, Judge, go ahead and sentence me. I plead guilty. Your Honor, I think that... I probably pressed this question. I see your time. I didn't want to drag it on with her. All right. Mr. Bragdon. Thank you, Your Honor. Good morning. May it please the Court. I'm David Bragdon, and I represent the United States. I wanted to start out with looking at what I see as the standard for a factual basis. And the standard, which comes from Carr, it's in other Fourth Circuit cases as well, is whether the district court has assured itself that the conduct the defendant is admitting is an offense under the statute that he's charged with. And I think that that is satisfied here by the defendant's admission. And in Carr, one of the problems in Carr was that the court had not phrased its question very well to the defendant. So it had asked a question along the lines of, you know, did you commit this offense? And it mentioned the interstate commerce component, but it also mentioned, did he knowingly set fire? And when it finishes all that, it says, did you do that? And what the court said is, it's unclear in the circumstances of that case what was meant by that question. Did it mean that, you know, did the defendant set fire? Did it mean something broader than that? We don't know what it means. And so we're going to send it back for another Rule 11 to allow the court to do the factual basis part over again. I think the difference here, and I wrote down the language the court used, is, you know, it reads all this jurisdictional. It reads all of the language that constitutes these specific facts that set forth the element. And then it says to the defendant, did you commit the crime charge? And I would argue that's just a different question. It's a broad question. And when the defendant says yes, he's admitting to the things that the court identifies. He's admitting to committing the crime. This case is different. It's jurisdictional. I mean, normally, you know, you don't prosecute cases that occur completely in another country. Right? Forget about whether you did the crime or not. You could do the most heinous crime there is. But if you did it in Japan, the United States can't say, we're going to prosecute that in the United States. But there is a statute that allows that jurisdiction. That's separate from the question that you commit the crime. The question is whether or not you have the authority to reach all over to Japan because of this. And you can when you're working for DOD, carrying out the mission of the Department of Defense. That's very jurisdictional, not about just the crime. And that was not laid out. But even more so, more importantly, under Beasley, jurisdictional matters aren't waived. And you cannot withstand a guilty plea. Is that right? How do you read Beasley there? So respectfully, Your Honor, I think there's a distinction between subject matter jurisdiction, which is not waivable and which deprives the court of power to hear the offense, and an element of the offense that provides jurisdiction. And I'm sure someone smarter than me could explain those differences better. But I think that the, as I understand it. I know the difference. Make your argument. Something like interstate commerce, something like supporting the mission of the Department of Defense, those are elements of the offense. And so what happened here is the question here is whether the defendant was adequate information for all the elements of the offense. I think Carr is clear that this court was not deprived of jurisdiction, subject matter jurisdiction, nor the district court, because the indictment is very clear in alleging the components of the crime. The defendant admits to that. And so what we have is just the question of whether or not this element is adequately shown. OK, what is the element? You call it an element. What is it? The element is that the government must show, and let me, if the court will give me a second, I would like to get the language correct here. The court must show that the defendant, the government must show, and the court must be satisfied, that the dependent was employed by or accompanying the armed forces outside the United States. That's the element. When? During the time of the crime. OK, and when do you say he was told, he admitted to a fact of that, being employed at the time of the offense? Well, for 18 months he wasn't employed, right? He was unemployed, and the other time he was a sexton at a church, I believe it was. So the, uh, Tell me the time frame, that 18 month period, that he agreed that during that period of time that he fell within that, not otherwise being resident. Because of the difference between someone being, you know, in terms of in the country, they get the job, they're in the country because they have the job, as opposed to they got the job because they're in the country. That's a distinction. So it's a very complicated thing in terms of here, in terms of you tell me what facts that were read to him that he agreed to in that sense. In that time period, that 18 month period, concomitant with the offense. Well, and let me be clear, your honor, I believe I want you to be clear when answering my question. I will. Let me correct one thing before I answer the question. I believe the crime was over a six month period, not an 18 month period. No. I'm talking about for an 18 month period, he wasn't employed by anybody. Except for the church for a period of time. It has to be during the time that he is actually under the jurisdiction of a job or dependent in terms of carrying out the DOD's mission. What period did he say that I committed? When I committed this, I was so employed. Because that's the hook for the jurist. But you call it an element. Conceding, you call it an element. That's the element in terms of facts that he knowingly played. Because otherwise, he'd fall into a car and not being clear about that. So tell me that. Let me step back for one second and I will answer the question. But I want to say that we believe that it was shown in two different ways, both in his role as a dependent and also in his role as a contractor. And to discuss the contractor part, on plain error review, the court can consider the whole record. The record shows that he began his employment as a contractor on March 3rd. The time period of the crime began a little bit before that. It began, I believe, if I can get the... February 19th. February 19th. The first time of intercourse would have been sometime between February 26th and March 5th. Over this period, you have March, April, May, sex three times a week with the victim. You have various things. And related to the count charging enticement and the use of devices, he's providing her that phone. Wait a minute. Is employment alone enough to do it? If you're a foreign citizen, is that enough? Employment alone based on a contractor is not enough. As I understand the elements, it's got to be a contractor working for an agency and supporting the mission of the Department of Defense. And what about residency? The defendant must be residing there in connection with, which I think is a broad language, but in connection with the physician. And then third, he must not be ordinarily resident. To me, those are the elements. With respect to his dependent status, it's also three elements. He's got to be a dependent. He's got to be residing with the person who's supporting him. And he has to be not ordinarily resident. So the last element overlaps between those two theories. The court read to the defendant both of these theories, both the dependent theory and the contractor theory. You read a theory to them? What's that? You read the theory to them? He read the allegations. And this part is what I would consider a speaking indictment. The government, in the indictment, just didn't allege facts. It didn't allege just their jurisdictional components. It alleged facts here. It's the Rule 11 colloquy we're looking for, right? The court then reads it. Isn't it the Rule 11 colloquy that we're trying to get to? We're not even understanding. Because a lot of people don't understand indictments. Well, the reason the indictment is relevant is because the court takes those same facts that are alleged in the indictment, and it tells the defendant about them in the Rule 11 theory. And when the defendant admits he committed that offense, it's incorporated. Now, you ready to answer my question? What fact related to that was told to him in Rule 11 that he admitted to? OK. The court specifically asked. You're reading from the transcript, right? You read the JA? I will pull it up. I mean, I'll take your word for it, but I'll make sure I want the reading from the JA, right? Yeah, absolutely. OK, go ahead. So starting at page 34 of the JA, the court says that the defendant was a civilian employee of the VA Transition Assistance Program located on Kadena Air Base, Okinawa, Japan, a federal agency that supports the mission of the Department of Defense. The defendant was present and residing outside the United States in Japan in connection with such employment. The defendant was a civilian employee of the Department of Defense located on the base of Okinawa. Then, regarding his status as a defendant, the defendant was residing with such civilian employee outside the United States. The defendant is not a national or ordinarily a resident. And so the court then incorporates that into its discussion of the offense. And the defendant says, in answer to the question, did you commit the offense charge? The defendant says, yes, sir. And the court follows up and says, so you are, in fact, guilty of that count. And the defendant says, yes. And so the defendant had the facts relating to all of these elements in front of him and admitted that he had committed those offenses. Well, in terms of he admitted that he was not ordinarily a resident. Yes, sir. Well, so you're saying that if you get a job on March the 3rd with the DOD agency, you could have been in Japan for 20 years and all of a sudden now you're not ordinarily a resident of Japan? Just because you got a job on March the 3rd with DOD? I'm not saying that. I didn't think so. Right. So how do we skip then from that period, the 18 months, once he's separated from the United States Marine Corps, he's just an American in Japan. Matter of fact, not working. So when he's there, he's a resident of Japan for about a year and a half. So all of a sudden you say, because he said I had a job on March the 3rd, then you backdate that to say, oh, that means that everything you did in 18 months, you're not ordinarily a resident. You are. He was there for 18 months, not employed by anybody. He also admitted he was a dependent. Can I ask? I don't know the record maybe well enough, but was there evidence that he was an actual resident of Japan? Was his immigration status such that he was a resident of Japan? Your Honor, that's not in the record one way or the other. And what I would say to take a look at that. The allegation was that he was not an ordinary resident of Japan. That's right. And that's what he admitted to. And that's what I would say, is I would say at a Rule 11 where the defendant is pleading guilty, it's enough for the defendant to admit I was not ordinarily resident. The government, the court, the district court is not required to draw out a whole bunch of factual details in the absence of any suggestion that would call that into question. And I think the fact that if you look at how much the defendant was making. Do you know what it requires to be a resident of Japan? I'm just trying to figure out how we would possibly answer this question. Do we go to the Department of State to figure out what residency in Japan requires? I would imagine you could look at the Department of State and you could look at, I have talked to some people in the military who have that background, but that's not in the record, and so I don't want to answer that question. While you do it, Congress did say it's part of what's required. What's that? Congress put within the language, you know, the statute. Absolutely, and if you look at the language, it says not a national or ordinarily resident. And so I think the idea is they did not want this statute to be prosecuting Japanese citizens in Japan or other citizens who may have had some role or some work with the U.S. government. They wanted to limit that. They probably did not want it to cover maybe an American who had married a Japanese person over there who perhaps obtained U.S. citizenship but was staying there long term. I mean, I think there's exceptions, but when the defendant admits that he's not ordinarily resident as part of his plea, I think that that component is satisfied. And I will say, I'd like to just say with respect to his employment as a janitor, making $10 an hour, the PSR shows no Social Security withholdings for 2017. We don't know if that job is full-time or part-time, but I think it's a big leap to say that just because he was a janitor for a period of time between his end of his time in the service and his beginning of the time as a contractor, that somehow he was ordinarily resident in Japan just because of that. And so I would say the more logical conclusion is what he admitted and said. If there's no further questions from the court, I would ask the court to affirm. I believe that there is a sufficient factual basis here, and thank you for your time. Thank you. Judge Richardson, going to your question with regard to residency. The government has just said that there was no U.S. Social Security taking during those 18 months in the U.S. between the time that Emilio Moran was court-martialed, discharged from the military in 2016, thrown in the brig for 90 days, I believe it was, unemployed, and then began work in 2016, August, at the Moran The Baptist Church there in Okinawa, Japan, which is not on the base, not in any way related to the base. We're at that private school related on those church grounds. Apparently, according to the record, is where Mr. Moran met the girl at question here and her family and became very intricately involved with them. So for that entire period of time, the United States certainly wasn't taking Social Security withholdings from Emilio Moran. And your question was as to residency. So with regard to that question, again, none of this is in the record. You know, the difficulty with this whole argument is we're retrying the case. And the whole purpose of a guilty plea is to void the trial. And the only thing we do as a matter of fairness is we want to advise the defendant of what he's pleading guilty to and have a factual basis for the crime so that he doesn't plead to some crime he didn't intend to plead to. But he clearly intended to plead to this crime and admitted all the elements. And so he admitted I was not a resident, a regular, ordinary resident. He admitted that he worked for the agency. He admitted to all the facts relating to the woman. He alluded to his dependency status. And the question is, shouldn't that end it? That's the whole purpose of the guilty plea. And now we're trying to undo the guilty plea? I thought it was very, very thorough, the whole explanation. He was read everything. He was asked in detail about his waiver of appeal rights. And he said, I pled guilty without hesitation. So now we want to retry it. That's what I'm hearing. No, Your Honor. We want to try it in the first instance on this jurisdictional issue. If Emilio Moran or if the parties cannot waive jurisdiction, they cannot That is only subject matter jurisdiction. That goes to the power of a court. This has nothing to do with it. This is an element of the offense which gives Congress the authority to legislate. And the court has made clear again and again that this is an element of the offense and can be waived. This particular element of the offense was crafted by Congress outside the reaches of the United States in order to give the United States certain delineated powers. Not outside the reach. It's with the armed forces. We have armed forces all over the world. And just to take a hypothetical, if you commit a sex offense on a base and one military against another, you have no question that that's American jurisdiction. So Congress here defined the jurisdiction to be if you're on the military, if you support the military, you serve the mission, you're a contractor, you're dependent of a contractor. They've linked it all together. Now, if you want to challenge the statute, then that's a whole different thing, which you haven't done. What you're basically arguing is that there wasn't a factual basis for this jurisdictional hook, this connection to the military. Correct. Because of the military. But we're not challenging the statute, right? We're not challenging the statute. Okay. So he admitted to the elements of the statute. He admitted to the elements of enticement of a minor that he pled guilty to. He also said, I'm not a citizen. I lived in there. I was an employee of the Veterans Administration Transitional Agency. And all of those things he admitted to. If you actually look at the transcript. I've looked at it several times. Your Honor, no offense intended. But when you look at the colloquy, Judge Dever read the allegations of the indictment that were not fact specific to satisfy the carving out, if you will, that Congress did in 18 U.S.C. 3267. Without those specific facts, he read simply the allegations and then said, did you do this? Later, I'm not going to reread it, but did you do this? He said, these are the allegations where they're charging you. And he explained them all, including his employment, including his citizenship, including where he's a resident, including his job, and all of that. And then he repeated when he went to each specific offense. He says, I'm incorporating that into this. And then he says, how do you plead to that offense? He says, I'm guilty. Your Honor, in the context of the transcript, the judge read the allegations. He turned to the government for the factual basis. No, he didn't. No, he didn't. He pled the allegations, asked them, do you plead guilty? He says, yes. And then he went to the government and said, I need a factual basis. Who support the allegations in the indictment? And the allegations in the indictment that were not supported by 18 U.S.C. Well, now your argument's a little different, whether he pled guilty to the facts. That was my initial inquiry. Now you're going back to the questions whether the factual basis that the government gave was sufficient. Not supported. It's Rule 11, if you look at it that way. So with regard to the statute, it required under the employed by, employed as in 18 U.S.C. 3267-1A, it goes down to three, an employee of a contractor or subcontractor of any tier, down to two, of any other federal agency or official authority, to the extent such employment relates to supporting the mission of the Department of Defense overseas. That is the limitation carved out in the 2004 amendment to the major statute by Congress in response to the Abu Ghraib private contractor's issue. Why didn't you move to dismiss the indictment if you don't think it was sufficient? Well, I mean, I always hate to say this, but I did not represent the defendant below. I did inquire, and that's not in the record. Can I ask just one final question because I know you're out of time? I am. When would you have us or do you have some precedent for us that I could look at for the idea that we cannot rely on a defendant's admissions to establish the factual basis? I mean, that's often at least the case law that I recall as I think about it. We say you can rely on the statements of the government lawyer, right? It's just statements, right? He's just standing up and saying it, right? And you can rely on the admissions of the defendant, right? Those are the two things. And then occasionally we say if there's a PSR already prepared, you might be able to rely on that, but that's not here. But the two things that we talk about as permitting us to establish a factual basis are both the admissions and the sort of offer of proof, if you would, not actual. There are no facts, right? There's just like an allegation being said by the AUSA typically, sometimes the agent. When would you have us say that we cannot rely on a defendant's admission? What's the principle there? When the facts are not specific to the carved out status of the defendant in the indictment, and that is the problem here. Not a comment. May I have? No, no, but with the Chief's indulgence, I think we'll be okay. But that's just saying, oh, you should not rely on a defendant's admissions in my case, right? Which is not a rule, right? That's just saying like, yeah, don't apply this general principle to me. But we have all these cases that say we can rely on a defendant's admissions in order to establish the factual basis. Thank you. And in this case, the defendant was not confronted with factual allegations, a factual basis supporting one element of each of the offenses, meaning the jurisdictional element, because the government, before it launched into all the sex acts, it never said how- No, no, I understand that, but that's what the government's lawyer was doing, right? But before the government's lawyer talked, your client admitted that he committed the crime charged in count two, right? And so what I'm trying, I'm just trying to, I just want to understand, and I know we're over time and I'll let you go, but what I'm trying to understand is why in this case, as opposed to every other case we have, do we ignore the defendant's admissions? I understand you think the defendant's admissions aren't sufficient, but bracket that for me if you would. I'm not asking for a concession on that. But why should I ignore whatever the defendant's admissions are? For example, the allegation was he worked for this particular company, right? And so did they have to literally put on proof that he worked for that company when he admits to having done that? Yes, Your Honor, under this statute. But this statute only? This is sort of like a one-ticket ride. Well, this is the only statute that I'm addressing with regard to this case, and this statute has to do with prosecuting by the United States criminal offenses by citizens of the United States who reside in a foreign country who have jurisdiction over them. So your rule is just for this case, because in a normal case, like you wouldn't be happy, you wouldn't have to do that. But your point is here, you do. And I'm saying that he was not confronted with the facts that Congress specifically requires to allow the United States to prosecute individuals outside the United States under these circumstances. Because Emilio Moran has recognized in some of the questioning from the bench, from the Chief, was not a member of the United States military having been notoriously court-martialed in jail. He was employed as a private citizen in the prefecture of Okinawa. Can I ask one other question, Chief? Sure, go ahead. So, total hypothetical question, this is not your case, obviously. But imagine the scenario where a judge says in a 922G case, Mr. Defendant, you've been charged with possessing this Glock .45 caliber pistol on March 7, 2012. And that firearm traveled in interstate commerce. Do you admit to that? And he says yes. Is that sufficient? Is that enough of a factual basis for a 922G charge? So, that is a within the United States prosecution. But it's within, and of course, the jurisdiction of the United States is except for the jurisdiction of the individual states. So, that allegation... But that would be sufficient in your view. But you think it's, I understand that you think it's different. But in your view, that's sufficient because he's alleged that the firearm traveled in interstate commerce and that he possessed it on this date. And the defendant says, yes, I committed that crime. So, it's not in your hypothetical only. It's not outside of the realm of belief for the court's state of mind that a weapon would have been, for example, produced in one state and traveled through interstate commerce to be sold in the state where the crime is being committed. And it's not unreasonable to believe that the defendant knows that fact. However, in this case... He's pleading guilty. This is not a mini trial. He's coming and saying, I want to avoid a trial. I'm going to throw myself in the mercy of the court. I did the crime. I possessed a gun that traveled in interstate commerce. And the judge says, was this the weapon? Yes. Okay, I accept your plea. Now, do you say the judge has to reasonably believe whether that gun went in interstate commerce? Yes. It is a Rule 11 requirement that the court's state of mind... He has to have an independent factual basis to make sure that the guy's pleading guilty to the crime that's actually involved. Exactly. Right. But that doesn't mean you have to cover every corner and nook of the evidence. What it basically means is you have to be satisfied that there's a factual basis for the crime committed. And I believe Judge Devereux was satisfied that the sex acts occurred and the enticement occurred. But Judge Devereux was never advised how Emilio Moran came within the jurisdiction or the authority granted in the specific limiting language... He says to Moran, he says, it alleges here that you are a citizen of the United States and you worked in Japan for this defense contractor. You admit to that? Yes. Is that enough? No. Because the statute as amended requires more. It requires that the contractor... You missed my point. My point was the fact that he admitted it. I mean, you know what there was alleged. He admitted. It's page 34 and 35 of this complaint. It's all laid out. It is the court's gatekeeping function to ensure that Congress' intent in passing the statute is satisfied. And if Congress did not describe an individual who should be before the court, even though he pled to it, that is the court's gatekeeping function. And in that way, the court is fully authorized to inquire to satisfy itself. The court did not do that in this case. Did not ask any questions. Well, which is it? I could hear another judge in our district saying, was he employed or was he a civilian dependent or was he both? And how is he ordinarily resident or a resident like the indictment says? But he was not even ordinarily resident. And the court didn't inquire because the record clearly establishes by sentencing, at least in the PSR, that Emilio Moran was kicked out of the military in 2016. And the offense conduct began allegedly in February through October when he, according to the government and the PSR facts, fled Japan because of this investigation. The naval investigators, the Air Force investigators, according to what's in the statute, never even contacted Okinawa Japan authorities. They immediately started their investigation in August. They had from August to October when Emilio Moran fled Japan because of the investigation, according to the allegations, to notify the prefecture of the criminal conduct in its borders. And they did not. They immediately began investigating him for several months before he left. So that goes to whether he was resident, of course. It also goes to the fact that the government didn't feel like it needed to prove and didn't investigate the facts sufficient to demonstrate to the district court that it had jurisdiction over this case. It assumed it. And the district court had the duty to inquire and did not. So, Your Honor, may I ask a question? Yes, you may. If this court finds that the record, the whole record is sufficient to find that Emilio Moran was not either an employee qualifying under the statute or a dependent under the statute and was ordinarily resident in Japan at the time of the offense conduct, we're asking that you vacate the judgment and remand for prejudicial dismissal. If the court finds that the Rule 11 was insufficient and that there was insufficient factual basis to support the element of the offense on jurisdiction, that you remand that to the district court for further proceedings, which could include a number of things based on the discussion, and that you deny the government's motion with regard to the appeal. If there are no further questions, my time is well over. Thank you, Ms. Newsom. I know that you are a court opponent. On behalf of the Fourth Circuit, I want to thank you for accepting the appointment. We depend on lawyers like ourselves to come in and argue these cases and help us in these matters. We appreciate it. Mr. Bregman, you're an able representation of the United States as well.
judges: Roger L. Gregory, Paul V. Niemeyer, Julius N. Richardson